This is an appeal from a judgment denying the award of attorneys' fees
Two classified civil service employees, as representatives of a class, sought an injunction and declaratory relief to determine the scope of the restrictions on their political rights contained in Code 1975, § 17-1-7, as they conflict with similar restrictions in the civil service law of Jefferson County. The Jefferson County Personnel Board adopted as its own rule the same restrictions contained in the civil service law entitled Rule 10, "Prohibited Activity." *Page 861 
In essence, the rule prohibits a classified employee from participating in any national, state or local political activities or campaigns "except to exercise his right as a citizen privately to express his opinion and to cast his vote." In comparison, § 17-1-7, passed during the 1978 Regular Session, provides that the employees shall have the right to participate in city and state political activities as any other Alabama citizen, except they are prohibited from engaging in political activities on the same level of government in which they are employed. This section also permits them to join local political clubs and organizations and state or national political parties. Recognizing the conflict between these two acts, the Personnel Board posted a Special Bulletin, as notice to its employees, that it challenges the constitutionality of § 17-1-7, believing that the restrictions in its Rule 10 are in force, and that any violation of that Rule will be subject to disciplinary action
Plaintiffs brought an action to enjoin the Personnel Board from denying them their political rights granted under § 17-1-7. The first cause of action alleged that the Special Bulletin violated the 1st and 14th Amendments to the United States Constitution, Section 4 of the Alabama Constitution and42 U.S.C. § 1983. The second count asserted that the Special Bulletin, Personnel Board Rule 10 and the civil service law violated § 17-1-7. Lastly, they alleged that when read together, § 17-1-7 and the civil service law denied them their right to campaign for political parties or federal offices, violating the equal protection and freedom of speech and association clauses of the United States and Alabama Constitutions. They requested costs and reasonable attorneys' fees in their prayer for relief
The court, in its decree, specifically stated that "according to the positions and contentions of the parties, the bulletin itself does not present a justiciable controversy." Hence, the Plaintiffs' first cause of action, the only cause that asserted federal statutory violations, was held not justiciable. The court further stated that § 17-1-7 is constitutional as applied to the parties; that the provisions of Rule 10 and the civil service law that were inconsistent or contradictory with § 17-1-7 were repealed; and that public employees subject to the provisions of § 17-1-7 were entitled to engage in political campaigns for political party and federal offices. The court initially awarded attorneys' fees based upon the "private attorney general/benefit theory." However, the court subsequently decided the Plaintiffs were not entitled to such fees and amended its final judgment to so reflect
In their brief the Plaintiffs properly state the issue to be as follows:
 May an Alabama court grant attorneys' fees under the authority of a federal statute, even when its decision to grant all relief sought is based on state causes of action rather than federal ones?
The first case relied on is Maine v. Thiboutot, 448 U.S. 1,100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The precise issue inThiboutot was whether 42 U.S.C. § 1983 encompasses claims based on purely statutory violations of federal law and if so, whether attorneys' fees under 42 U.S.C. § 1988 could be awarded the prevailing party when the action was filed in state court The United States Supreme Court answered in the affirmative
The second case relied on by the Plaintiffs is Maher vCagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)Maher dealt with the issue as to whether a court's authority to award attorneys' fees is limited to cases where § 1983 is invoked as a remedy for a constitutional violation or a violation of a federal statute providing for the protection of civil rights or equal rights. The violation in Maher concerned the Social Security Act. Neither case relied on addresses the precise issue presented here. In this case, the only alleged violation of a federal statutory right involved the Personnel Board's Special Bulletin. The court specifically considered the allegation and held it did not present a justiciable controversy. Hence, this case is distinguishable from the two cases cited
The question presented is whether a party that asserts both a federal and a *Page 862 
state cause of action and does not prevail on the federal cause but does on the state cause, is entitled to an award of attorneys' fees under the federal statute. Our answer to this question is in the negative. The Plaintiffs have not cited any case, nor have we found a case, where a state court awarded attorneys' fees under a federal cause of action when the party did not prevail on such action. It is our opinion that a state court is not required to award attorneys' fees to a party that prevails on state grounds only, regardless of what other federal claim is attached thereto. Shelby County Commission vSmith, 372 So.2d 1092 (Ala. 1979)
The trial court's decision is not based on constitutional grounds but merely on the language of § 17-1-7. As such, there is no federal statutory or constitutional grounds to allow the award of attorneys' fees
Therefore, the judgment denying Plaintiffs attorneys' fees is affirmed
AFFIRMED
TORBERT, C.J., and FAULKNER and EMBRY, JJ., concur
JONES, J., concurs specially