This is an appeal from a judgment of the Montgomery County Circuit Court, denying attorneys' fees to the prevailing party in the suit. The fees were claimed pursuant to 42 U.S.C. § 1988.
The sole issue presented on appeal is whether the trial court erred in refusing to award attorneys' fees to the appellants pursuant to 42 U.S.C. § 1988. We answer in the affirmative and reverse.
The salient facts are as follows: In July, 1977, Ottis Cook and his wife Virginia Cook (the Cooks) purchased 852 shares of Canterbury Nursing Home, Inc. (Canterbury). Canterbury owned an Assurance of Need, issued by the Alabama Board of Health, authorizing the construction of a 100-bed nursing home. At the time of the purchase, the Cooks' attorney was advised by legal counsel for the Department of Public Health that the stock purchase would not constitute an unlawful transfer of the Assurance of Need. Subsequent to the original purchase, the Cooks arranged to purchase the remaining 150 outstanding shares of Canterbury. On March 26, 1980, Canterbury's Assurance of Need was converted into a Certificate of Need by the Alabama State Health Planning and Development Agency (SHPDA). About the same time the Cooks entered into a contract to sell all of the stock of Canterbury to American Health and Retirement, Inc. (AHR). AHR paid $7,500.00 into escrow as a down payment. On June 12, 1980, the Deputy Director of SHPDA informed the Cooks' accountant that such a sale would constitute a prohibited transfer of the Certificate of Need. He further advised that Canterbury's options were limited to (a) building the nursing home facility and selling it to an applicant approved by SHPDA, or (b) surrendering the Certificate of Need and allowing another applicant to apply for another certificate. Based on this development, AHR's attorney advised the Cooks' *Page 1105 
attorney that AHR was no longer interested in purchasing the Canterbury stock, and demanded a return of its deposit.
On July 15, 1980, the Cooks' attorney sent a letter to SHPDA's administrative officers, in which he advised them that (1) SHPDA's interpretation of the applicable law, i.e., that a transfer or sale of the corporate stock constitutes a prohibited transfer of the Certificate of Need, was arbitrary, capricious, unreasonable, and without foundation; (2) the individuals responsible for that interpretation of the statutory language were personally liable for the violation of the Cooks' substantive due process and First Amendment rights; and (3) the Cooks and Canterbury planned to file suit. On July 18, 1980, SHPDA reaffirmed its position that the proposed sale would violate Code 1975, § 22-21-270 (e), regarding the prohibited transfer of Certificates of Need.
On July 21, 1980, SHPDA filed a declaratory judgment action asking the court to affirm its interpretation of the code section as SHPDA had applied it to the sale of the Cooks' Canterbury stock. The Cooks answered and filed a counterclaim pursuant to 42 U.S.C. § 1983, claiming that SHPDA's interference with their stock sale rendered the stock worthless, and amounted to a taking of property without due process. The counterclaim sought a permanent injunction against SHPDA and certain individual officers of the agency, and included a claim for damages against the individual officers, and a request for attorneys' fees pursuant to 42 U.S.C. § 1988. The trial judge set a hearing "upon the Plaintiffs' request for a declaratory judgment and upon the Counterclaimants' request for a permanent injunction . . ." and reserved all other questions. Following that hearing, the court issued an order finding that the Cooks' proposed sale of the Canterbury stock did not constitute a violation of Code 1975, § 22-21-270 (e). The order permanently enjoined the counterdefendants from prohibiting the sale. The parties then filed a joint stipulation of dismissal, without prejudice, reserving only the issue of attorneys' fees. By order dated July 29, 1981, the trial court denied attorneys' fees, and this appeal followed.
In pertinent part 42 U.S.C. § 1988 states: "In any action or proceeding to enforce a provision of sections 1981, 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."
In Terrell v. City of Bessemer, 406 So.2d 337 (Ala. 1981), we held that § 1983 claims may be brought in Alabama state courts. The United States Supreme Court has ruled that the prevailing party can recover attorney fees pursuant to 42 U.S.C. § 1988 in either a federal court or a state court. Maine v. Thiboutot,448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The discretion of the trial court in denying attorneys' fees to a prevailing party under § 1988 is extremely narrow, and such party should ordinarily be awarded attorneys' fees unless special circumstances would render such an award unjust.Supreme Court of Virginia v. Consumers Union, 446 U.S. 719,100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); Newman v. Piggie ParkEnterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263
(1968).
The trial court stated in its order denying attorneys' fees that:
 [t]his cause was commenced by Counter-defendants as a Declaratory Judgment Action seeking an interpretation of the State Certificate of Need Law. The Counterclaim filed under 42 U.S.C. § 1983 was neither necessary nor indicated for appropriate declaratory and injunctive relief. Counterclaimants, therefore, are not entitled to recover attorneys' fees and expenses in this action under 42 U.S.C. § 1988.
We are of the opinion that the trial court's conclusion that the counterclaim was "neither necessary nor indicated" is in error. We determine this based on the following reasons:
The declaratory judgment action was not filed by SHPDA until after the Cooks' attorney had notified the agency of their intent *Page 1106 
to file their own suit pursuant to 42 U.S.C. § 1983. There is no indication that without this impetus SHPDA would have filed an action at all.
Furthermore, injunctive relief was granted as requested in the counterclaim. Although the court said that the injunction was granted as part of the relief in the declaratory judgment action, there was no request for an injunction in that action. Although we cannot say that the trial judge would not have granted the injunction had the counterclaim not been filed, neither can we conclude that the counterclaim did not influence the determination to grant injunctive relief.
Even though the trial court chose to tie its grant of the injunction to the declaratory judgment action, it did notdismiss the § 1983 counterclaim, rather avoiding any mention of it, except to state that it had "jurisdiction of the parties and subject matter of the complaint and counter claim. . . ." In Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653
(1980), the United States Supreme Court stated:
 We agree with the courts below that Congress was acting within its enforcement power in allowing the award of fees in a case in which the plaintiff prevails on a wholly statutory, non-civil-rights claim pendent to a substantial constitutional claim or in one in which both a statutory and a substantial constitutional claim are settled favorably to the plaintiff without adjudication.
Maher v. Gagne, 448 U.S. at 132, 100 S.Ct. at 2576,65 L.Ed.2d at 663.
In support of the trial court's position, the appellees rely heavily upon Still v. Personnel Board of Jefferson County,406 So.2d 860 (Ala. 1981). There, this court affirmed the trial court's refusal to award attorneys' fees to a party who prevailed on state law claims but was unsuccessful on the federal claims. The Still case is not dispositive of the instant case because in the Still case, the trial court specifically found that the federal claim was not justiciable. Justice Jones stated in his special concurrence in that opinion:
 I concur specially in order to emphasize the underlying basis for the holding denying an award of attorneys' fees. Not only did the trial judge grant Plaintiffs' relief solely on state grounds but he specifically denied relief on all asserted federal grounds. Our holding is not premised on the mere affirmative grant of Plaintiffs' state grounds relief; rather it is premised on the trial court's affirmative denial of federal grounds relief.
[Emphasis in original.]
In the case before us, the court did not specifically deny relief on the asserted federal grounds, but held a hearing "upon the Counterclaimants' request for a permanent injunction" and granted an injunction. We, therefore, conclude that the holding in Maher v. Gagne, supra, applies, and that an award of attorneys' fees under 42 U.S.C. § 1988 is appropriate.
The trial judge adds in his order denying the fees, however, that this is a case where special circumstances exist which would render the award of attorneys' fees to the prevailing party unjust. As special circumstances he lists the following:
 1. A finding of good faith of the plaintiffs/counterdefendants;
 2. A finding of financial ability of the corporate counterclaimant to pay attorneys' fees and expenses;
 3. A finding that it would be unjust to put the burden of attorneys' fees upon the state agency, and ultimately the public.
In determining that these factors, taken together, constitute special circumstances which would render an award of attorneys' fees unjust, the trial judge relies on Concerned Democrats ofFlorida v. Reno, 493 F. Supp. 660 (S.D.Fla. 1980). The Federal District Court in that case stated:
 The Fifth Circuit has rejected (1) good faith on the part of defendants; (2) a finding of unintentional discrimination; (3) plaintiff's financial ability to pay counsel fees; (4) defendant's good-faith belief that a challenged statute is valid; and (5) that the burden of a fee award *Page 1107 
will fall on the taxpayers, as insufficient to constitute special circumstances rendering an award of attorney's fees unjust. However, this case combines all five of these factors with the added ingredient of a plaintiff who is a partisan, political organization. Added together they rise to the level of "special circumstances".
493 F. Supp. at 664. As pointed out in Reno, the individual factors enumerated have been rejected by the Fifth Circuit, and the trial court counted on the combination of factors to constitute special circumstances. However, in an unpublished opinion of the United States Court of Appeals for the Fifth Circuit, issued December 8, 1980, the court reversed the trial court in Reno, and awarded attorneys' fees to the prevailing parties. See 634 F.2d 629 (5th Cir. 1980), cert. denied,455 U.S. 938, 102 S.Ct. 1426, 71 L.Ed.2d 647 (1982).
In the case before us, there are fewer facts considered jointly to comprise "special circumstances" than in Reno. The opinion in Ellwest Stereo Theatre, Inc. v. Jackson,653 F.2d 954 (5th Cir. 1981), contains the following:
 The good faith of government defendants acting in their official capacity is not a relevant factor for the district court to consider when determining whether special circumstances exist, see, e.g., Aware Woman Clinic v. City of Cocoa Beach, 629 F.2d 1146, 1149 n. 3 (5th Cir. 1980); Robinson v. Kimbrough, 620 F.2d 468, 478 (5th Cir. 1980). . . . Moreover, prevailing plaintiffs' ability to pay is not a special circumstance rendering an award under § 1988 unjust, International Oceanic Enterprises, Inc. v. Menton, supra, 614 F.2d [502] at 503, nor is defendant's decision not to appeal the injunction, cf. Aware Woman Clinic, supra; International Oceanic Enterprises, supra (defendants elected not to appeal merits yet panel reversed denial of attorneys' fees).
Ellwest Stereo Theatre v. Jackson, 653 F.2d at 955-956.
In Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565,57 L.Ed.2d 522 (1978), the United States Supreme Court upheld an award of attorneys' fees pursuant to § 1988 against a State agency, saying:
 When it passed the Act, Congress undoubtedly intended to exercise that power and to authorize fee awards payable by the States when their officials are sued in their official capacities. The Act itself could not be broader. It applies to "any" action brought to enforce certain civil rights laws. It contains no hint of an exception for States defending injunction actions; indeed, the Act primarily applies to laws passed specifically to restrain state action. See, e.g., 42 U.S.C. § 1983.
 The legislative history is equally plain: "[I]t is intended that the attorneys' fees, like other items of costs, will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party)." S.Rep. No. 94-1011, p. 5 (1976) (footnotes omitted).
Hutto v. Finney, 437 U.S. at 693-694, 98 S.Ct. at 2575,57 L.Ed.2d at 536.
We conclude that the Cooks and Canterbury are entitled to an award of attorneys' fees under 42 U.S.C. § 1988, and that there are no special circumstances present which, either individually or collectively, would render such an award unjust. Therefore, we reverse the decision of the lower court, and remand for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 1108