Plaintiff, Helen Davis, appealed from a judgment denying attorney's fees under 42 U.S.C. § 1988 (Supp. IV 1980).[1] We reverse and remand.
The issues before this Court on appeal are:
(1) Whether plaintiff was a "prevailing party" under42 U.S.C. § 1988;
(2) Whether special circumstances existed which precluded an award of attorney's fees under 42 U.S.C. § 1988; and
(3) Whether the trial court erred in applying Ott v. Everett,420 So.2d 258 (Ala. 1982).
Plaintiff-appellant, Helen Davis, is the owner of Damar's Tea House, a restaurant in Dothan, Alabama. She applied to the board of city commissioners (commissioners) for an on-premises beer and wine license. Municipal Ordinance No. 5942 requires that an applicant's premises be at least 600 feet from a church, playground, school, or public park before an alcoholic *Page 1234 
beverage license will be issued. The Commissioners found that Mrs. Davis's premises were less than 600 feet from a church and denied her application for a license.
Mrs. Davis filed suit against the mayor and commissioners, alleging, among other things, that the City violated her rights to equal protection and due process under the Alabama and United States constitutions by using the "public access" method in a discriminatory fashion to measure for compliance with the ordinance. Mrs. Davis contended that the city used the public access method to selectively enforce the ordinance because the commissioners had issued licenses to businesses which were less than 600 feet from the prohibited zone if measured by a straight line, but greater than 600 feet under the public access method. She claimed that the commissioners acted under color of state and local law to arbitrarily deny her a license, and therefore, she says, they violated 42 U.S.C. § 1983 (1976), the Civil Rights Act.[2] Accordingly, she requested attorney's fees under 42 U.S.C. § 1988, which provides for attorney's fees in a civil rights action. Mrs. Davis asked the court to grant the following additional relief:
(1) Money damages as compensation for injury to her business and reputation;
(2) A writ of mandamus ordering the mayor and board of commissioners to grant the license;
(3) A judgment declaring the "public access" measurement unconstitutional, thus making the ordinance invalid; and
(4) A judgment declaring the "grandfather clause" in the ordinance unconstitutional, thus making the ordinance invalid.
After the trial, the court found that the city had denied Mrs. Davis's equal protection rights,[3] not by selectively enforcing the ordinance, but rather by its failure to comply with the clear language of the ordinance. The use of the "public access" method defeated the purpose of the ordinance, which states: "No privilege license shall be issued . . . where the place or establishment for which such license applied for is less than six hundred (600) feet from any church building or church grounds." The court based its decision solely on the Alabama Constitution. The court granted mandamus and ordered the mayor and commissioners to issue the license to Mrs. Davis; it denied the complaint for damages and the bill for declaratory relief.
Later, Mrs. Davis filed a motion for reconsideration on the issue of attorney's fees. In ruling on the motion, the trial court made the following findings:
 "(1) That Plaintiff's complaint herein sought relief under both state and federal grounds.
 "(2) That this Court's judgment granting mandamus entered in favor of the Plaintiff on August 20, 1982, explicitly and affirmatively relied on the Alabama Constitution of 1901 but neither affirmatively granted nor denied relief under the U.S. Constitution pursuant to 42 U.S.C. § 1983, which is known as the Civil Rights Act.
 "(3) That, however, even though this Court's decision was based upon a state cause of action rather than a federal one, the same decision could have possibly *Page 1235 
been reached under the federal cause of action."
The court noted that the issue had not been decided in Alabama but acknowledged that:
 "where a Court enters judgment in favor of a plaintiff on a state law claim but does not enter judgment for the plaintiff on a federal Constitution violation claim, attorney's fees may be nevertheless awarded to the prevailing plaintiff under the Civil Rights Act as long as both claims arise out of a common nucleus of operative fact. Burchett v. Bower, D.C.Ariz. 1979, 470 F. Supp. 1170; Milwe v. Cavuoto, C.A.Conn. 1981, 653 F.2d 80."
However, the trial court denied Mrs. Davis's application for attorney's fees, based on Ott v. Everett, 420 So.2d 258 (Ala. 1982). Citing Ott, the court said that:
 "neither a municipality, its mayor, nor the members of the board of commissioners are liable in damages on account of the exercise of their quasi-judicial powers regarding approval or disapproval of an application for a retail liquor license, or the issuance or refusal to issue that license, and are exempt from liability for error or mistake of judgment in the exercise of the duty in that regard absent fraudulent, malicious, or corrupt intent."
The court stated that its ruling for plaintiff was not based upon any finding of "fraudulent, malicious, or corrupt intent" on the part of defendants; therefore, the court said the commissioners could not be liable for attorney's fees under § 1988 because they were entitled to immunity for damages underOtt.
 I
The first issue before the Court is whether plaintiff is a "prevailing party" under § 1988. Mrs. Davis contends that, because the trial court failed to specifically deny her right to recover on the § 1983 claim, she is a prevailing party. In contrast, the commissioners allege that because the trial court granted relief to plaintiff solely on state law grounds she is not a prevailing party. They argue that no affirmative denial of the § 1983 claim is necessary.
In Still v. Personnel Board of Jefferson County,406 So.2d 860, 861-62 (Ala. 1981), this Court considered "whether a party that asserts both a federal and a state cause of action and does not prevail on the federal cause but does on the state cause, is entitled to an award of attorney's fees under the federal statute." We found that such a party was not entitled to attorney's fees under those circumstances. However, that holding in Still is distinguishable from the case at bar because in Still the trial court specifically denied the justiciability of the federal claims. Justice Jones commented upon this aspect: "Our holding is not premised on the mere affirmative grant of Plaintiff's state grounds relief; rather, it is premised on the trial court's affirmative denial of federal grounds relief." Still, supra, at 862 (Jones, J., concurring specially).
The United States Supreme Court has held that success on the § 1983 claim is not necessary for a plaintiff to be a prevailing party under § 1988. Instead, the Court has stated:
 "[I]f the claim for which fees may be awarded meets the `substantiality' test . . . attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a `common nucleus of operative fact.'" Maher v. Gagne, 448 U.S. 122, 132, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653, 663 (1980), n. 15, quoting H.R. Rep. No. 1558, 94th Cong., 2nd Sess. 4 n. 7 (1976).
This test for whether a pendent claim is attached to a "substantial" claim corresponds to the test for whether a federal court has jurisdiction over the pendent claim.[4] In other words, attorney's fees are *Page 1236 
available in cases "in which plaintiff prevails on a wholly statutory, non-civil-rights claim pendent to a substantial constitutional claim." Maher, supra, 448 U.S. at 132,100 S.Ct. at 2576, 65 L.Ed.2d at 663.
In the case at bar, plaintiff succeeded on her state constitutional claim, but the trial court neither specifically granted nor denied relief under her federal constitutional or § 1983 claims. The court recognized that the federal and state claims were closely related, because it stated that, "though this Court's decision was based upon a state cause of action rather than a federal one, the same decision could have possibly been reached under the federal cause of action."
This Court holds that Mrs. Davis's state constitutional claim arose from a common nucleus of operative facts with her federal constitutional claim, and, consequently, her § 1983 claim. All of her claims arose from the same underlying facts, i.e., the commissioners' denial of plaintiff's application for the license.
It is not necessary here to equate equal protection under the Constitution of 1901, Art. I, §§ 1, 6, and 22, with equal protection under the United States Constitution for all purposes; however, the Alabama Constitution necessarily embraces at least the minimal requirements of the United States Constitution. Defendants violated plaintiff's equal protection rights under the Alabama Constitution. It may also follow that plaintiff's federal constitutional rights were violated; she alleged a substantial federal claim, which was not dismissed, and ultimately prevailed on her state constitutional claim. TheGibbs test was satisfied because both claims arose from a common nucleus of operative facts. Accordingly, Mrs. Davis was a prevailing party under § 1988.
Additionally, Mrs. Davis satisfied the test of a prevailing party adopted by the United States Court of Appeals for the Fifth Circuit in Iranian Students Association v. Edwards,604 F.2d 352, 353 (5th Cir. 1979): "The proper focus is whether the plaintiff has been successful on the central issue [citation omitted] exhibited by the fact that he has acquired the primary relief sought." The primary relief sought by Mrs. Davis was the issuance of a writ of mandamus to the commissioners requiring them to grant her the license. She achieved this relief and therefore satisfied the above test, which is also used by other jurisdictions. See e.g., Harrington v. DeVito, 656 F.2d 264
(7th Cir. 1981); Sweitolich v. County of Bucks, 620 F.2d 33 (3d Cir. 1980).
 II
The next issue before this Court is whether special circumstances exist which made an award of attorney's fees unjust. The plain language of § 1988 allows a court, in its discretion, to award attorney's fees to a prevailing party in any proceedings to enforce § 1983 (among other statutes). Section 1983 creates a cause of action against any person who, under color of state law, deprives any United States citizen of any rights, privileges, or immunities secured by the Constitution and laws.
The trial court's discretion under § 1988 is limited, however: "[The prevailing party] should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Sen. Rep. No. 1011, 94th Cong., 2d Sess. 1, reprinted in [1976] U.S. Code Cong. Adm. News 5908, 5912 (quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400,402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1266 (1968)).
Defendants contend that the following are special circumstances which required the trial court to deny attorney's fees: *Page 1237 
(1) Mrs. Davis's personal financial interest in the litigation;
(2) Mrs. Davis suffers no disability that would make her especially favored by Congress;
(3) The commissioners' only interest in the subject matter of the case was the public interest; and
(4) The commissioners' acts were not inherently unconstitutional.
In support of their position, defendants cite Green v.Carbaugh, 460 F. Supp. 1193 (E.D.Va.), final order entered,465 F. Supp. 372 (E.D.Va. 1978).
In Green, a state administrative officer found that the management of the Jimmy Green Warehouse, a tobacco warehouse, had participated in illegal activities which had resulted in losses to persons dealing with the warehouse. Defendant asked the management to straighten out those problems and directed that the license for the warehouse be withheld until after the first two weeks of the selling season.
The district court found that defendant's ruling violated plaintiffs' due process rights, but refused to grant attorney's fees based on the following special circumstances:
(1) Plaintiffs made no claim nor presented evidence that they suffered any disability that would make them favored by Congress;
(2) Plaintiffs' interest in the litigation was primarily financial; and
(3) Defendant's decision was made in the public interest.
The Green court found that § 1988 was enacted "to encourage plaintiffs to file suits to vindicate the public interest in such things as racial equality and other such matters in which the primary beneficiary is the public in general."460 F. Supp. at 1193. The Court said: "We have a case, that apparently meets all of the language set forth in 42 U.S.C. § 1988 but which seems to meet none of its spirit." Id. at 1194. The Court expressed concern that an award of attorney's fees in such a case would make the administrative decisions of state governments so expensive that the hard decisions would almost always go in favor of the applicant. Id. at 1195.
The special circumstances relied upon by the Green court, and urged by the defendants in the present case, have all been rejected by the Fifth Circuit Court of Appeals. The Eleventh Circuit, which includes Alabama, has adopted as binding precedent the case law of the former Fifth Circuit handed down as of September 30, 1981, unless and until such precedent is overruled or modified by the Eleventh Circuit Court of Appealsen banc. Decisions of the en banc court of the former Fifth Circuit handed down after September 30, 1981, are also binding.United States v. Cross, 708 F.2d 631 (11th Cir. 1983). Therefore, we find the Fifth Circuit's decisions persuasive on the issue of special circumstances.
In Aware Woman Clinic, Inc. v. City of Cocoa Beach, Florida,629 F.2d 1146 (5th Cir. 1980), the Fifth Circuit reversed the district court's finding of special circumstances. The district court had found an ordinance regulating abortions to be unconstitutional and permanently enjoined its enforcement, but denied attorney's fees based on the following special circumstances:
(1) The ordinance did not discriminate on the basis of sex or any other suspect factor;
(2) There was no discrimination against one of the homogeneous groups that Congress was attempting to protect in enacting § 1988; and
(3) The financial impact of an award of attorney's fees would fall on the individual taxpayers who had not participated in any discriminatory act.
Relying on Supreme Court decisions, the Fifth Circuit found that § 1988 applies to all types of § 1983 actions, not only those alleging invidious discrimination based on suspect classifications. 629 F.2d at 1148 (citing Maine v. Thiboutot,448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); and Maher v.Gagne, supra). *Page 1238 
The Fifth Circuit also rejected the argument concerning the financial impact on innocent taxpayers based on the Supreme Court's ruling in Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565,57 L.Ed.2d 522 (1978) (ruling that the Eleventh Amendment did not bar recovery of attorney's fees from state officers acting in their official capacities).
In support of her position that there were no special circumstances, Mrs. Davis relies primarily on InternationalOceanic Enterprises, Inc. v. Menton, 614 F.2d 502 (5th Cir. 1980). In that case, plaintiffs alleged that the city council voted to rezone a tract of land after they purchased it and that the motive for rezoning was plaintiffs' affiliation with the Unification Church. They sued for declaratory and injunctive relief against the police chief, the city attorney, and the members of the city council under 42 U.S.C. § 1983. The district court found that the zoning ordinance operated as an unconstitutional abridgment of plaintiffs' First and Fourteenth Amendment rights. Plaintiffs then moved for attorney's fees pursuant to 42 U.S.C. § 1988. The district court denied the award of attorney's fees, based on special circumstances, although it found that appellants were "prevailing parties" within the meaning of the statute. Plaintiffs appealed the denial of attorney's fees.
The Fifth Circuit reversed the trial court's decision, finding that none of the following were special circumstances:
(1) The financial interest of the plaintiffs;
(2) Their ability to pay attorney's fees;
(3) The fact that defendants were "mere functionaries" carrying out the will of the city council; and
(4) The good faith of defendants in carrying out their official duties.
In light of the above two decisions by the Fifth Circuit, it is clear that all of the special circumstances argued by the commissioners have been rejected by the Fifth Circuit and, consequently, by the Eleventh Circuit. We hold that, under the facts presented, no special circumstances exist which would make an award of attorney's fees unjust.
 III
The third and final issue is whether the trial court correctly applied the Ott case. We hold that it did not. Ott
provided for a qualified immunity from damages absent a finding of fraudulent, malicious, or corrupt intent on the part of the defendants. An award of attorney's fees is an award of costs, not damages, so Ott is inapplicable to the present case. See,Hutto v. Finney, 437 U.S. 678, 695-99, 98 S.Ct. 2565, 2576-77,57 L.Ed.2d 522, 537-39 (1978).
Additionally, § 1988 does not provide for, and the Supreme Court has specifically found that there was no legislative intent therein to provide for immunity for state and local governmental officials sued in their official capacities.Hutto, supra, 437 U.S. at 694, 98 S.Ct. at 2576,57 L.Ed.2d at 536. The defendant commissioners were sued in their official capacities. The trial court erred in finding that the commissioners were immune from attorney's fees.
For all the reasons discussed above, we hold that the trial court erred in denying attorney's fees. The judgment is reversed and the case remanded for further proceedings consistent with this opinion. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, EMBRY and ADAMS, JJ., concur.
ALMON and SHORES, JJ., not sitting.
[1] The relevant portion of 42 U.S.C. § 1988 (Supp. IV 1980) is as follows: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."
[2] 42 U.S.C. § 1983 (1976): "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."
[3] The commissioners did not challenge in their brief the correctness of the court's finding that they violated Mrs. Davis's equal protection rights. At the oral argument before this Court, the commissioners conceded that they had indeed violated Mrs. Davis's rights to equal protection under the laws; therefore, we do not address this issue.
[4] The Supreme Court's statement of the substantiality test inUnited Mine Workers of America v. Gibbs, 383 U.S. 715, 725,86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), defined the relationship of pendency as follows: "The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." (Emphasis in original.) *Page 1239