HOLMES, Judge.
This is an appeal from a judgment denying attorney fees pursuant to 42 U.S.C.A. § 1988 (West 1981). The trial court refused to award attorney fees in a case that originated as a teacher tenure case.
The teacher appeals from the denial of attorney fees and we affirm.
The dispositive issue is whether the trial court’s action refusing to award attorney fees is reversible error.
The factual background is not in dispute and is in pertinent part as follows: The tenured teacher’s employment contract was canceled after a hearing by the Tuscaloosa City Board of Education. The teacher appealed this cancellation of contract to the Alabama State Tenure Commission per Ala. Code (1975), § 16-24-10(b).
The Alabama State Tenure Commission dismissed the appeal and reversed the action of the Tuscaloosa City Board of Education. The commission’s order dismissing the appeal and reversing the board’s action was based upon the statute, Ala.Code (1975), § 16-24-10(b), which requires the record on appeal to the commission to be complete with a transcript of all testimony from a hearing before a board of education. In this case, the record was incomplete because the court reporter, hired by the Tuscaloosa City Board of Education, lost her notes regarding the testimony of two witnesses.
The Tuscaloosa City Board of Education reinstated the teacher per the Commission’s order. However, the board immedi *1315 ately suspended the teacher again and set a date for a hearing to again consider cancellation of the tenured teacher’s employment contract.
The teacher then sought a writ of mandamus or, in the alternative, a permanent injunction in the Circuit Court of Tuscaloosa County to prohibit the board’s efforts to terminate the teacher’s employment contract.
The circuit court granted the writ of mandamus, prohibiting further action by the board to penalize the teacher and requiring the board to follow the order of the Tenure Commission.
The Tuscaloosa City Board of Education appealed the grant of the writ of mandamus to the Alabama Court of Civil Appeals, which transferred the case to the Alabama Supreme Court. The supreme court affirmed the circuit court’s decision prohibiting the board from further action in the matter.
The teacher then filed a motion for the award of attorney fees in the Circuit Court of Tuscaloosa County. The teacher’s motion for an award of attorney fees is based upon 42 U.S.C.A. §§ 1983 and 1988 (West 1981). The circuit court denied the motion and the teacher appeals.
The teacher, through able counsel, contends that, as the “prevailing party” in the original tenure case and per the deprivation of his property in his employment, he should be awarded attorney fees pursuant to 42 U.S.C.A. §§ 1983 and 1988 (West 1981). Put another way, the teacher contends that the circuit court’s ruling on state statutory grounds, Ala.Code (1975), § 16-24-10, was pendent to a constitutional claim, namely, the 42 U.S.C.A. § 1983 (West 1981) due process claim for the depri-' vation of the property right in his employment.
As previously stated, we affirm the circuit court’s denial of an award of attorney fees. The following is an explanation by the trial judge of his order granting the writ of mandamus, and we are in agreement with this reasoning:
“At the 28 January 1983 hearing, the Court found the question to be decided before it was the meaning of ‘final and conclusive’ as set forth in Ala.Code § 16-24-8 when applied to the ruling of the Tenure Commission. The Tenure Commission’s decision that Roberts be reinstated was apparently based on Ala. Code § 16-24-10, which requires a full copy of the transcript of hearings be sent to the Commission on appeals. In the instant case, the school system did not comply with that section. ■ This Court found the reasons for noncompliance irrelevant. The ruling by the Tenure Commission was final and was entirely dis-positive of the issues presented to this Court. This Court read the Alabama statute; determined that the language ‘shall be final and conclusive’ was dispos-itive of the ease; and ruled accordingly. The Court granted a writ of mandamus on that basis and that basis alone.” (Emphasis added.)
The trial court emphasized that its decision was based entirely on the language of Ala.Code § 16-24-10 by distinguishing the cases Davis v. Everett, 443 So.2d 1232 (Ala.1983), and Still v. Personnel Board of Jefferson County, 406 So.2d 860 (Ala.1981). This is significant because the teacher contends that Davis effectively overrules Still.
The trial judge distinguished Still and Davis as follows:
“This Court has read and considered carefully the case of Still v. Personnel Board of Jefferson County, 406 So.2d 860 (Ala.1981). The Court has also considered the case of Davis v. Everett, 443 So.2d 1232 (Ala.1983). The plaintiff urges the holding in Davis is dispositive of this case. This Court finds Davis helpful but distinguishable from this case. The Davis court specifically addressed the constitutional issue in the case and made its findings in reliance on the Alabama Constitution. In the present case the findings were based on Ala.Code § 16-24-10 as applied to the ruling of the Tenure Commission and not *1316 on the constitutional issue, either Alabama or federal. Therefore we find that Still is still applicable to this matter.”
We agree that the Alabama Supreme Court’s decision in Still v. Personnel Board of Jefferson County, 406 So.2d 860 (Ala.1981), is applicable in this matter. In Still the supreme court held that
“[A] state court is not required to award attorneys’ fees to a party that prevails on state grounds only, regardless of what other federal claim is attached thereto....
“The trial court’s decision is not based on constitutional grounds but merely on the language of § 17-1-7. As such, there is no federal statutory or constitutional grounds to allow the award of attorneys’ fees.”
Still, 406 So.2d at 862 (citations omitted).
In the present case the trial court’s decision is not based on constitutional grounds but merely on the language of § 16-24-10. Therefore, there are no federal statutory or constitutional grounds allowing the award of attorneys’ fees.
This court finds that Still is applicable in this case rather than Davis v. Everett, 443 So.2d 1232 (Ala.1983), which granted attorney fees in an appeal under 42 U.S.C. § 1983 (1976) from the arbitrary denial of a liquor license, because of a municipal ordinance precluding the issuance of a liquor license to an applicant, whose premises were less than 600 feet from a church. Davis is not controlling in the present case because the Alabama Supreme Court in Davis stated that the “holding in Still is distinguishable from the case at bar because in Still the trial court specifically denied the justiciability of the federal claims.” Davis, 443 So.2d at 1236.
Here the trial judge specifically states that his action was not bottomed on a federal claim but on § 16-24-10, a state statute, i.e., the federal claim was denied.
We note that the teacher also contends that Still v. Personnel Board of Jefferson County, 406 So.2d 860 (Ala.1983), is overruled by Terrell v. City of Bessemer, 406 So.2d 337 (Ala.1981). We disagree.
The Alabama Supreme Court held in Terrell as follows: “[W]e hold this day that henceforth, courts of this state must accept jurisdiction over claims brought under 42 U.S.C. § 1983, if a § 1983 plaintiff selects a state court as his forum.” Terrell, 406 So.2d at 340.
First, we note that Still was decided after Terrell. Second, Terrell does not overrule Still because Terrell does not involve an appeal from the denial of attorney fees claimed pursuant to 42 U.S.C. §§ 1983 and 1988.
Additionally, the teacher contends that the Circuit Court of Tuscaloosa County, in its order denying attorney fees, amended its judgment in the original tenure action outside the thirty-day time limitation as required by Alabama Rule of Civil Procedure 59(b), (d), or (e). We disagree.
The teacher argues that the following language in the 1984 order denying attorney fees amended the 1983 order prohibiting further action by the Tuscaloosa City Board of Education to penalize the teacher:
“[T]he defendants did not follow the provisions of the chapter or abide by the decisions of the Tenure Commission. The paragraph additionally stated these actions were found to violate the ‘due process rights’ of the plaintiff. By executing the Order of 1 February 1983, this Court did not intend the meaning which plaintiff states that unfortunate choice of words connotes. This Court read that language as supporting what the Court ruled. That is, the termination of a tenured teacher in Alabama is entirely statutory and the language of the Alabama statute on the subject is clear. A ruling of the Tenure Commission is final. There was no other basis for ruling and the Court expressly rejected and has denied the federal and constitutional claims requested by plaintiff. The words ‘due process’ and ‘due process rights’ did not mean and were not meant to denote a constitutional or § 1983 basis problem.” (Emphasis added.)
*1317 This language did not alter, amend, or vacate the judgment in the original tenure action. In the original tenure case, the same circuit court judge granted a writ of mandamus prohibiting further action by the board to penalize the teacher.
This prohibitory order has not been changed in any way by the order denying attorney fees. Rather, the. above quoted language is an explanation of the denial of attorney fees.
Therefore, the teacher’s argument pursuant to A.R.C.P. 59(b), (d), or (e) is without merit.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.