BEATTY, Justice
(dissenting).
Under Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), and Davis v. Everett, 443 So.2d 1232 (Ala.1983), the employees in the present case are entitled to an award of attorney fees. In this case, the trial court’s order granting summary judgment for the employees provided the following:
“The due process issue in this cause is premature and no decision is rendered concerning it.”
This statement by the trial court clearly shows that the constitutional claim raised by the employees remained “unaddressed,” i.e., that relief was not specifically granted or denied on the basis of that claim. Because “[a]ll of [the employees’] claims arose from the same underlying facts” (i.e., the City of Birmingham’s refusal to implement the pay increase), the employees were a “prevailing party” for purposes of 42 U.S.C. § 1988. Since the “discretion of the trial court in denying attorneys’ fees to a prevailing party under § 1988 is extremely narrow, and such party should ordinarily be awarded attorneys’fees” absent special circumstances (none are shown here), Canterbury Nursing Home, Inc. v. Alabama State Health Planning & Development Agency, 425 So.2d 1103, 1105 (Ala.1983), this Court should reverse the trial court’s denial of attorney fees and remand for a hearing on that issue.