HOUSTON, Justice.
Cecil W. Lowery and Gene Schofield filed a 42 U.S.C. § 1983 action against Jammy D. Thomas, alleging that when Thomas arrested and detained them under Ala.Code 1975, § 13A-9-10, for the offense of criminal simulation, Thomas violated their rights under the 4th and 14th Amendments to the United States Constitution. In their complaints, Lowery and Schofield both also alleged a state law cause of action based on a claim of unlawful arrest. The § 1983 counts and the state law counts were submitted to a jury, which returned general verdicts against Thomas and assessed damages at $500 for each plaintiff. Lowery and Schofield jointly filed a petition for an award of $30,600 in attorney fees, asserting that as prevailing parties under 42 U.S.C. § 1988, they were entitled to an award of attorney fees to be paid by Thomas. Thomas filed a response to this, and the trial court denied Lowery and Scho-field’s petition for attorney fees. Lowery and Schofield appeal from the denial of that petition.
“In any action or proceeding to enforce a provision of [section] ... 1983 ... of this title, title IX of Public Law 92-318 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.”
42 U.S.C. § 1988.
In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only when authorized by statute or when provided in a contract or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid. Reynolds v. First Alabama Bank, 471 So.2d 1238 (Ala.1985); Eagerton v. Williams, 433 So.2d 436 (Ala.1983); Shelby County Commission v. Smith, 372 So.2d 1092 (Ala.1979). Lowery and Schofield do not attempt to show that their state law claims for unlawful arrest come within one of these exceptions. Rather, this case comes to us in the following posture: Different causes of action that were supported by the evidence went to the jury. Under *1032 one of the causes of action (unlawful arrest), attorney fees for the prevailing party are not recoverable as part of the costs. Under the other cause of action (§ 1983), the trial court in its discretion could assess reasonable attorney fees as part of the costs, if it found that Lowery and Schofield were “prevailing part[ies]” under § 1988. The jury returned these general verdicts:
“In the case of Cecil Lowery, we, the jury, find in favor of the Plaintiff, Cecil Lowery, and against the Defendant, Jammy D. Thomas, and assess his damages at $500.00.”
“In the case of Gene Schofield, we, the jury, find in favor of the Plaintiff, Gene Schofield, and against the Defendant, Jammy D. Thomas, and assess his damages at $500.00.”
The order of the trial court denying the petition for attorney fees was as follows:
“It is, therefore, ORDERED AND ADJUDGED by the Court that the Plaintiffs’ said petition for award of attorney’s fees be, and the same is, hereby denied.”
Thus, the argument of Lowery and Scho-field dealing with their entitlement to an award of attorney fees is predicated on the supposition that under the jury’s verdicts, they were “prevailing parties” under § 1988, as a matter of law.
If the § 1983 claim and the state law claim arise out of a “common nucleus of operative fact,” then in determining the plaintiff’s status as a “prevailing party” under § 1988 it is immaterial upon which claim or claims the judgment is based, unless the § 1983 claim is specifically denied. Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Scurlock v. City of Lynn Haven, Florida, 858 F.2d 1521 (11th Cir.1988); McDonald v. Doe, 748 F.2d 1055 (5th Cir.1984), reh’g denied, 753 F.2d 1075 (1985); Aubin v. Fudala, 821 F.2d 45 (1st Cir.1987); Davis v. Everett, 443 So.2d 1232 (Ala.1983).
In Texas State Teachers Ass’n v. Garland Independent School District, 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989), Justice O’Connor, writing for a unanimous Court, noted:
“We think the language of Nadeau v. Helgemoe, [581 F.2d 275 (1st Cir.1978),] quoted in our opinion in Hensley [v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40] adequately captures the inquiry which should be made in determining whether a civil rights plaintiff is a prevailing party within the meaning of § 1988. If the plaintiff has succeeded on ‘any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,’ the plaintiff has crossed the threshold to a fee award of some kind. Nadeau, 581 F.2d, at 278-279.”
Therefore, under the facts in this case, where the § 1983 claims and the state law claims arose out of a “common nucleus of operative fact” and where Lowery and Schofield did succeed on a significant issue that achieved some of the benefit they sought in bringing the suit, they are prevailing parties under § 1988, for there was no affirmative denial of their § 1983 claims. Davis v. Everett, 443 So.2d 1232 (Ala.1983); Still v. Personnel Board of Jefferson County, 406 So.2d 860 (Ala.1981), cert. denied, 455 U.S. 1020, 102 S.Ct. 1718, 72 L.Ed.2d 139 (1982).
“The discretion of the trial court in denying attorneys’ fees to a prevailing party under § 1988 is extremely narrow, and such party should ordinarily be awarded attorneys’ fees unless special circumstances would render such an award unjust.” Canterbury Nursing Home, Inc. v. Alabama State Health Planning & Development Agency, 425 So.2d 1103, 1105 (Ala.1983). It is unclear whether the trial court, in denying attorney fees, erroneously found that Lowery and Schofield were not prevailing parties under § 1988 or found “special circumstances” that would render an award of attorney fees unjust. Because the record does not support Thomas’s argument that “special circumstances” exist that would allow the trial court to deny all *1033 attorney fees, see, M. McNamara, Judicial Discretion and the 1976 Civil Rights Attorney’s Fees Awards Act: What Special Circumstances Render an Award Unjust?, 51 Fordham L.Rev. 320 (1982), we reverse the judgment and remand the case for a hearing, at which the trial court should consider the standards that have been approved by the United States Supreme Court for setting an award of reasonable attorney fees under § 1988. See Hensley v. Eckerhart, 461 U.S. 424, 430, at n. 3, 103 S.Ct. 1933, 1937, at n. 3, 76 L.Ed.2d 40 (1983).[1]
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.

. In Hensley, the Court approved the following standards:
"(1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.”
See, also, O. Hymer, The Eleventh Circuit’s Application of the Civil Rights Attorney’s Fees Awards Act of 1976, 36 Ala.L.Rev. 103 (1984), for a more in-depth treatment of the 12 factors to be considered.