12 So.2d 395

PRIDGEN v. SHADGETT.

4 Div. 268.

Supreme Court of Alabama.

March 18, 1943.

N. Frank Pridgen, of Dothan, for appellant.

Tompkins & Ramsey, T. E. Buntin, and J. R. Ramsey, all of Dothan, for appellee.

LIVINGSTON, Justice.

The bill of complaint in this cause was filed by Mrs. Lena D. Pridgen, as executrix of the last will and testament of M. F. Pridgen, deceased, against George D. Shadgett and Mrs. Josie Maddox, and seeks a sale for division of a certain city lot and brick storehouse thereon, located in the city of Dothan, Alabama. Complainant acquired an undivided one-half interest in and to said lot and storehouse on April 21, 1942, by and through the foreclosure of a mortgage conveying said property, executed and delivered to her by George D. Shadgett and wife Helen Shadgett. The present bill was filed the day following the day on which the foreclosure deed was executed and delivered.

By amendment George D. Shadgett was stricken as a party respondent; and he died pending the litigation. Helen Shadgett, his wife, filed her petition to intervene in the cause, and to exercise her statutory right of redemption, after having received from complainant, or her attorney, a statement of the amounts necessary to redeem, which statement, admittedly, contained exaggerated or illegal demands.

By agreement of the parties only two questions are here presented for review. First, what fee, if any, should be allowed complainant's attorney for foreclosing said mortgage? Second, what fee, if any, should be allowed complainant's attorney for filing this bill in equity to sell said real estate for division among the joint owners thereof?

■ We will answer the second question first. A purchaser of an undivided interest in real estate at a mortgage foreclosure sale may file a bill in equity to sell said real estate for division among joint owners while the statutory right of redemption is still outstanding. Lyon v. Powell, 78 Ala. 351; Hines v. Chicago Bldg. & Mfg. Co., 115 Ala. 637, 22 So. 160; Jordan v. Walker, 201 Ala. 248, 77 So. 838.

■ But such purchaser's right to a sale of the real estate may be defeated by a compliance with our statutory requirements relative to the statutory right of redemption before a sale is made. The right to a sale for division under these circumstances is subordinate to the paramount right to redeem.

■■ The right to redeem is admitted, and so far as appellant and appellee are concerned, the sale for division is defeated. Under the admitted facts of this case, appellant is not entitled to a fee for filing the bill to sell the real estate for division. But we quote from appellee's brief as follows: "Appellee believes that, in the circumstances shown by this case, appellant's attorney is not entitled to any fee (we interpolate, for filing the bill to sell for division), but that question is pretermitted, for the reason that no cross-appeal was taken and no assignments of error made, and appellees are willing to abide by the decree of the lower court." Therefore, the decree allowing complainant's attorney a fee of

one hundred dollars for filing the bill to sell for division is affirmed.

 Answering the first question.— Parties have the right to try their causes upon such issues as they choose, and judgment must be pronounced in accordance with the issue so made between them. Glass v. Meyer, Son & Co., 124 Ala. 332, 26 So. 890; Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311.

The lower court allowed complainant's attorney a fee of one hundred dollars for foreclosing the mortgage conveying to complainant the undivided one-half interest of George D. Shadgett in and to the lot and storehouse.

Admittedly, the debt due and unpaid at the time of the foreclosure of the mortgage under the power contained therein, was $4,086.61. The property was bid in by complainant for the sum of $2,000. Concerning attorney's fees, the mortgage provided as follows: "That if an attorney is employed to foreclose this mortgage, either under the power of sale herein given, or by court proceedings, or to collect any part of the debt herein secured, the parties of the first part will pay all reasonable attorney's fees, and all other lawful and proper charges, that may be incurred by the party of the second part, or assigns, in that behalf, and this mortgage shall stand as security for the same."

The rules relative to estimating the value of legal services are well stated in the case of Dent v. Foy, 214 Ala. 243, 107 So. 210, and cases there cited, and need no repetition here.

 Appellant earnestly insists that the allowance by the lower court of a fee of one hundred dollars for foreclosing the mortgage involved in the instant case is inadequate, and cites the case of Durr Drug Co. v. Acree, 241 Ala. 391, 2 So.2d 903, in support of the insistence.

The Durr Drug Co. case, supra, is not controlling here. In that case, one having the statutory right to redeem filed a bill for that purpose. In order to effectuate a redemption the Durr Drug Company was required to pay the entire debt, which included attorneys' fee for its collection. True, in the instant case, appellee seeks to redeem, but the parties have seen fit to limit the issue to be tried. The limited issue does not include the question of a proper allowance for the collection of the debt.

See, Tompkins v. Drennen, 95 Ala. 463, 10 So. 638.

 Testimony was taken relative to the question of the value of the services of complainant's attorney for foreclosing the mortgage. After a careful examination of the testimony in the light of the rules laid down in Dent v. Foy, supra, and as touching the issue raised by the agreement of the parties, we are persuaded that the fee allowed by the trial court was fair and just.

There is no error in the record, and the judgment of the lower court is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.