96 So.2d 763

**Joseph G. ESPALLA**

**v.**

**Champion J. LEE.**

**Clarence CRAYTON**

**v.**

**Champion J. LEE.**

**I Div. 661, 663.**

Supreme Court of Alabama.

Aug. 22, 1957.

Caffey, Gallalee & Caffey, Mobile, for appellant Espalla.

Alex T. Howard, Jr., of McCorvey, Turner, Rogers, Johnstone & Adams, Mobile, for appellant Crayton.

**432**

W. Borden Strickland, Mobile, for appellee.

GOODWYN, Justice.

Champion J. Lee, appellee, brought suit in the circuit court of Mobile County, in equity, against Joseph G. Espalla (appellant in 1 Div. 661) and Clarence Crayton (appellant in 1 Div. 663) seeking to redeem certain real property from a mortgage foreclosure sale. Espalla and Crayton separately demurred to the bill and separate decrees were rendered overruling their demurrers. These appeals are from those rulings. Pursuant to motion of all the parties the two appeals were consolidated here and submitted together. The records are the same and both present the same question for review.

Champion J. Lee is the son of Mattie Lee. On January 16, 1953, Mattie Lee executed a mortgage in favor of Espalla covering her undivided one-half interest in a lot located in Mobile. The other undivided one-half interest belonged to Champion J. Lee. Espalla foreclosed the mortgage and purchased the mortgaged property at the foreclosure sale held on November 9, 1953. The bill in the instant case was filed on June 10, 1955, and recites that "by decree dated June 7, 1954, case No. 38295–B, the circuit court of Mobile County, Alabama, in Equity, ordered that the entire land before mentioned be sold for division on November 8, 1954," and that "said lands were sold to Joseph G. Espalla, the mortgagee, and decree confirming Register's report of sale and ordering distribution, was executed December 1, 1954." It is alleged that Espalla has placed Crayton in possession of the property and that complainant "has been unable to determine who holds title." Complainant offers "to pay such debt and lawful charges as may be ascertained by the court to the respondent having legal title" and seeks "a decree that he is entitled to redeem the said land sold under the power of sale in said mortgage and purchased by the said respondent." We do not understand there to be any question that Champion J. Lee, as owner of an undivided one-half interest in the property, was properly made a party and served with notice in case No. 38295–B, supra, and received his distributive share of the proceeds of sale in said proceedings for his undivided one-half interest.

The question presented is whether Champion J. Lee, as the son of Mattie Lee, has the right to redeem his mother's undivided one-half interest in the lot which was purchased by Espalla at the mortgage foreclosure sale on November 9, 1953, even though said property was sold for division in case No. 38295–B, supra. In other words, did the sale for division pursuant to Code 1940,

Tit. 47, § 186, 189, have the effect of cutting off Champion J. Lee's right of redemption under Code 1940, Tit. 7, § 727?

There is no dispute that Champion J. Lee, as the son of Mattie Lee, has the right of redemption under the provisions of Code 1940, Tit. 7, § 727, supra. The bill for redemption was filed more than twelve months after the foreclosure sale (thus eliminating the necessity of giving notice to others who might have priority of rights to redeem, Code 1940, Tit. 7, § 728), and within two years after the sale, as required by § 727, Tit. 7, supra. The question is, Did the sale for division cut off this statutory right of redemption? We think not.

Appellants place principal reliance on what was said in Pridgen v. Shadgett, 244 Ala. 167, 168, 12 So.2d 395, 396, viz.:

" * * * A purchaser of an undivided interest in real estate at a mortgage foreclosure sale may file a bill in equity to sell said real estate for division among joint owners while the statutory right of redemption is still outstanding. * * *

"But such purchaser's right to a sale of the real estate may be defeated by a compliance with our statutory requirements relative to the statutory right of redemption before a sale is made. The right to a sale for division under these circumstances is subordinate to the paramount right to redeem."

The argument is that that holding "is clear authority that the statutory right of redemption of the mortgagor of an undivided one-half interest must be exercised 'before a sale [for division] is made.'" In that case the wife of a deceased mortgagor of an undivided interest in land intervened in a pending suit for sale of the land for division which was brought by the purchaser of the mortgaged land at the foreclosure sale. In so doing she sought to exercise her statutory right of redemption. The only question presented was whether, in so effectuating a redemption, she could defeat the right of such purchaser to have a sale of the land for division. And that was the extent of the decision on that phase of the case. It was not there held that one's right to redeem can be defeated or cut off by failure to exercise such right prior to a sale for division when such sale is had prior to the expiration of the two years allowed for redemption. The redemption statute, § 727, Tit. 7, supra, allows a redemption to be made at any time within two years after the foreclosure sale. We cannot agree that §§ 186, 189, Tit. 47, supra, should be construed as requiring one entitled to redeem an undivided interest in land to make redemption thereof prior to a sale of the land for division when such sale is held prior to the expiration of the two years allowed for redemption. To so construe these sections would make it possible for the purchaser at a foreclosure sale of an undivided interest in land to take away the right of redemptioners, including judgment creditors (§ 735, Tit. 7, Code 1940), to make redemption within the two years allowed. We perceive no basis for engrafting an exception on the clear right given by § 727, Tit. 7, supra, to redeem at any time within two years after the foreclosure sale.

The decrees overruling the demurrers to the complaint are due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN JJ., concur.