208 So.2d 63

**Sandra MASON nee Maxey**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**6 Div. 476.**

Supreme Court of Alabama.

Feb. 22, 1968.

Ralph E. Coleman, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree holding that appellee, State Farm Mutual Automobile Insurance Company, was not obligated to defend appellant, Sandra Maxcy, or her father, E. W. Maxcy, or pay any judgment which might be rendered against either of them in a pending damage suit for personal injuries. Only Sandra Maxcy has appealed. Sandra Maxcy has since married and her name is Sandra Maxcy Mason, but in our statement of facts, we shall use her then name, Sandra Maxcy.

Appellee filed a bill for declaratory judgment seeking to have the proceedings at law enjoined until it could be determined whether the complainant insurance company was obligated to defend the respondents, E. W. Maxcy and Sandra Maxcy, in the suit at law or to pay any judgment which might be rendered. The injunction was issued.

The policy of insurance was in force and effect on May 31, 1963, the date of the accident. Appellee was not notified of the accident until February 6, 1964. A non-waiver was taken on February 8, 1964, and a suit was thereafter filed on behalf of Wilma Jean Chisolm against the insured, E. W. Maxcy, and later, Sandra was added as a party defendant.

The injured child, Wilma Jean Chisolm, was eighteen months old when the accident happened. Apparently, she had been under an automobile owned by E. W. Maxcy and being driven by his fifteen year old daughter, Sandra Maxcy, the appellant. The Maxcys and the Chisolms had been friends for a long time. The Chisolms had a daughter the same age as Sandra Maxcy and they visited in each other's homes. E. W. Maxcy paid medical bills amounting to $45.00 or $50.00 direct to the doctors involved. The appellee insurance company was orally notified of the accident on February 6, 1964, and their adjuster, William Robinson, contacted the Maxcys on that date. He was told by E. W. Maxcy that the accident had not been reported because Sandra was only fifteen years old and that they were going to pay the bills themselves, and he was also afraid that State Farm would cancel his policy because of Sandra's age if he had reported it. On February 8, E. W. Maxcy, his wife and Sandra signed a non-waiver agreement, which was admitted into evidence by stipulation, and which reads as follows:

"AUTHORIZATION FOR CLAIM SERVICE AND NON-WAIVER OF RIGHTS

"The undersigned requests and authorizes STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to investigate, negotiate, settle, deny or defend any claim arising out of an accident occurring on or about May 31, 1963.

"It is agreed that such actions shall not waive any of the rights of the undersigned or of the Company under any contract of insurance.

"Dated at Birmingham Alabama this 8 day of February 1964."

At the time Sandra Maxcy signed the non-waiver agreement, the adjuster knew that she was a minor.

On this appeal, appellant argues that she, being a minor, is not bound by a non-waiver agreement and, even if bound, the insurer in this case has waived the requirement in

the policy that it must be notified "as soon as is practicable" after an accident occurs. The question of the execution of a non-waiver agreement by a minor has not been previously presented to this court and it must remain an open question because the issue was not presented or raised in the trial court in the instant case.

At the trial and before any witnesses were examined, the trial court said:

"Now listen carefully, gentlemen, because I am about to delineate the sole basic issue in this case of what we are going to try this afternoon. If there are any amendments or corrections, please make them presently and now, or else hereafter hold your peace.

"It is stipulated and agreed that the issue for determination by this trial court is whether or not the period of time which elapsed between May 31, 1963, the date of the accident that made the basis of the law side action and the basis of this action, and February 6, 1964, some eight months later roughly, which is the date when notice of the accident was first received by the complainant insurer is or is not a reasonable time, and whether or not the notice is reasonable under all the circumstances.

"MR. PETERSON: Your Honor, I believe probably you ought to use it as to the language in the policy, says be given notice to the insured or to the company or its authorized agent as soon as practicable, and that is what we aver in the bill.

"THE COURT: I appreciate your bringing that to my attention. As soon as is practicable, whether or not the notice was given as soon as is practicable under the circumstances of this particular case. Is that right?'

"MR. COLEMAN: In addition to the time, the nature of the injuries in consideration, I think the Court says, whether or not the period of time, but there is no

question of time whether in fact my client knew the injuries.

"THE COURT: Under all of the circumstances, and that will be one of the circumstances, wouldn't it?

"MR. COLEMAN: Yes, sir, it would.

"THE COURT: All right."

It is clear that the only issue before the trial court for decision was whether or not the period of time which elapsed between May 31, 1963, the date of the accident, and February 6, 1964, more than eight months later, the date when notice of the accident was first received by the complainant insurer, was "as soon as is practicable under the circumstances of this particular case." There was no question of minority and no question of waiver raised in the issue presented to the trial court.

█ It is a well-settled rule that parties are restricted on appeal to the theory on which the case is prosecuted or defended in the court below, and where both parties act upon a particular theory of the cause of action, or agree as to the question to be decided, they will not be permitted to depart therefrom when the case is presented for appellate review. Walker v. Walker, 245 Ala. 154, 16 So.2d 190; City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217; Southern Ry. Co. v. Terry, 268 Ala. 510, 109 So.2d 919; Prigden v. Shadgett, 244 Ala. 167, 12 So.2d 395; City of Birmingham v. Wheeler, 225 Ala. 678, 145 So. 140.

█ The trial court held that neither E. W. Maxcy nor Sandra were covered because they delayed so long to notify the insurer that the accident had occurred. E. W. Maxcy did not appeal. We have shown that the reasons urged in this court for reversing the decree as to Sandra were not presented to the trial court for decision.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.