FAULKNER, Justice.
The Federation of City Employees brought this action for a declaratory judgment against the City. The employees sought to determine whether the adoption of the City’s 1984 fiscal year budget containing an appropriation of funds sufficient for a pay increase for city workers was the only action necessary in order for the Jefferson County Personnel Board to consider granting the pay increase. Since the case involves the application of law to undisputed facts, the trial court entertained cross motions for summary judgment. It ruled that under the applicable statutes adoption of the budget ordinance was all that was necessary, and on September 8, 1983, it ordered the Personnel Board to consider the pay increase.
*812 On September 14 at 11:58 A.M., the City filed its notice of appeal. Prior to the Board’s 1:00 P.M. meeting, the City served the Board with a notice of appeal. At the meeting the Board approved the pay increase and, after motions to stay the implementation of the pay increase were denied by the trial court and by this Court, the City began paying the increased salaries.
The budget ordinance in question was duly enacted by the City. The Mayor submitted a proposed fiscal year budget, which was adopted by a majority vote of the City Council. See §§ 5.02, 5.10 Mayor-Council Act of 1955 (Act. No. 452, 1955 Ala. Acts). Because a general election in which members of the City Council were to be elected was scheduled within twelve months of the passage of the ordinance, it was necessary that any pay increase be approved by the Personnel Board. See § 12 of the Personnel Board Aet of Jefferson County (Act No. 248, 1945 Alabama Acts, as last amended by Act. No. 684, 1977 Ala. Acts). The Mayor’s budget message stated that the funds for the wage increase would be obtained by cutting the costs of employee benefit programs for future years. Because the City was involved in negotiations with the employees regarding the manner in which the benefit programs would be modified in order to realize the desired savings, the City refused to take any action to officially advise the Jefferson County Personnel Board of the proposed salary increase. The City took the position that passage of the budget ordinance did not constitute a commitment to grant the pay increase. It contended that it intended to enact a separate ordinance or resolution to implement the pay increase after an agreement was reached with the employees.
The employees took the position that the adoption of the budget ordinance was all that was necessary, subject to the approval of the Personnel Board, to implement the pay raise. In response to the City’s argument that the budget ordinance merely allocates funds from which the Mayor can, at his discretion, grant a pay raise (see § 4.06(8) of the Mayor-Council Act, supra), the employees argue that the Personnel Board Act provides that salaries are to be set by ordinance and that, although the Mayor has discretion with regard to certain expenditures, salaries provided for by ordinance and approved by the Personnel Board are obligatory expenditures. See § 12 of the Personnel Board Act and § 5.13 of the Mayor-Council Act, supra.
By this appeal the City seeks a review of the trial court’s construction of the applicable statutes with regard to their effect on the granting of pay increases to City employees. We deem it inappropriate, however, to reach the merits of the case, because it is moot. The raise sought by the employees is in effect, and the City does not contend that it would seek to lower the salaries upon rendition of a favorable decision by this Court. Nor has the city council sought to decrease the salaries during the pendency of this case. Indeed, the date for submission of the next fiscal year’s budget has passed.[1] When an event occurs during the pendency of an appeal rendering the appeal moot, the appeal should be dismissed. Arrington v. State ex rel. Parsons, 422 So.2d 759, 760 (Ala.1982).
We opine that this case does not present facts of such great public importance or a situation so likely to recur that an exception to the mootness doctrine is warranted. See Arrington, supra, and Willis v. Buchman, 240 Ala. 386, 199 So. 892 (1940).
The appeal is hereby dismissed.
APPEAL DISMISSED.
MADDOX, JONES, ALMON and EM-BRY, JJ., concur.
TORBERT, C.J., and SHORES and BEATTY, JJ., dissent, with opinion by BEATTY, J.
ADAMS, J., recused.

. The City’s fiscal year begins July 1, and the proposed budget for the fiscal year must be submitted no later than May 20. See §§ 5.01 and 5.02 of the Mayor-Council Act.