PER CURIAM.
This is an appeal by the Federation of City Employees from the trial court’s denial of their motion for attorney fees pursuant to 42 U.S.C. § 1988. The employees contend that they are entitled to the attorney fees because they were a “prevailing party” in their initial suit against the may- or and the City of Birmingham. See, City of Birmingham v. Federation of City Employees, 455 So.2d 811 (Ala.1984). The employees initially filed suit under 42 U.S.C. § 1983, alleging violations of both federal constitutional law and state law, in order to obtain a three percent (3%) pay raise provided in Budget Ordinance Number 83-103, which had been adopted by the Birmingham City Council. The trial court granted summary judgment in favor of the employees, but specifically stated that the constitutional due process claim alleged by the employees was premature and that no decision concerning it would be rendered. The City of Birmingham appealed the trial court’s grant of a summary judgment, but that appeal was dismissed as moot by this Court in City of Birmingham, supra. The employees then filed the present motion for attorney fees, which was denied by the trial court. We affirm.
The issue presented to the Court is whether the employees qualified as a “prevailing party” under 42 U.S.C. § 1988, so as to be entitled to an award of attorney fees. The employees rely on the case of Davis v. Everett, 443 So.2d 1232 (Ala.1983), to support their position that they were prevailing parties in the initial suit. In Davis, the plaintiff filed suit under 42 U.S.C. § 1983, alleging violations of both state and federal constitutional rights. The plaintiff prevailed’ on her state constitutional claim, but the trial court did not specifically grant or deny relief on her federal constitutional claim. This Court held that the trial court erred in refusing to grant an award of attorney fees, since the plaintiff had “alleged a substantial federal claim, which was not dismissed, and [had] ultimately prevailed on her state constitutional claim,” which arose from the same underlying facts. 443 So.2d at 1236.
The defendants, on the other hand, rely upon this Court’s decision in Still v. Personnel Board of Jefferson County, 406 So.2d 860 (Ala.1981), cert. denied, 455 U.S. 1020, 102 S.Ct. 1718, 72 L.Ed.2d 139 (1982), in contending that the employees were not prevailing parties. In Still, the plaintiff prevailed on her state statutory law claim, while the trial court specifically stated in its order that her sole federal claim, under 42 U.S.C. § 1983, did not present a justicia-ble controversy. This Court affirmed the trial court’s denial of attorney fees, on the basis that the trial court affirmatively denied granting relief based on the federal claim. 406 So.2d at 862 (Jones, J., concur *1306 ring specially). See also, Davis, 443 So.2d at 1235.
In one of the most recent cases on the subject of awarding attorney fees under 42 U.S.C. § 1988, the United States Supreme Court, in Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), was presented with the situation where the plaintiff relied on substantial, unaddressed constitutional claims as the basis for an award of attorney fees. In addressing the issue, the Court made the following statement:
“The fact that constitutional claims are made does not render automatic an award of fees for the entire proceeding. Congress’ purpose in authorizing a fee award for an unaddressed constitutional claim was to avoid penalizing a litigant for the fact that courts are properly reluctant to resolve constitutional questions if a nonconstitutional claim is dis-positive. H.R.Rep. No. 94-1558, p. 4. n. 7. That purpose does not alter the requirement that a claim for which fees are awarded be reasonably related to the plaintiffs ultimate success. It simply authorizes a district court to assume that the plaintiff has prevailed on his fee-generating claim and to award fees appropriate to that success.”
468 U.S. at 1007, 104 S.Ct. at 3467.
Thus, the current status of the law is that a prevailing plaintiff may be awarded reasonable attorney fees based on a substantial, unaddressed constitutional claim, if that claim is reasonably related to the ultimate success. See, Davis, supra. See also, Maher v. Gagne, 448 U.S. 122, 132, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653 (1980).
Having set forth this rule of law, we conclude that in the present case the employees are not entitled to an award of attorney fees. This case is closely analogous to the situation presented in Still, supra. In Still, the trial court specifically stated that the federal claim did not “present a justiciable controversy.” 406 So.2d at 861. The underlying basis of that opinion was that, since there was no “justi-ciable controversy” involved, the trial court had, in effect, affirmatively denied the relief the plaintiff sought on the federal claim. Where there is such an affirmative denial of the plaintiffs federal claim, that claim can not be considered an “unaddressed constitutional claim” and therefore can not support an award of attorney fees pursuant to 42 U.S.C. § 1988. Still, supra.
In the present case, the trial court’s order granting summary judgment for the employees contained the following statement:
“Since the Personnel Board must act on the salary increase in this case before it becomes effective, the Court finds that the due process claim is premature and the Court does not render any decision concerning it.” (Emphasis added.)
Since the trial court held that the employees’ due process claim was premature, this was, in effect, a judgment that the claim had not yet become a justiciable issue. Because this constitutional claim was not yet justiciable, it could not be reasonably related to the ultimate success achieved by the employees. We therefore believe that the trial court’s statement in this case should be interpreted in the same manner as the trial court’s statement in Still, i.e., as an affirmative denial of the employees’ federal claim. Where the federal claim is not a viable ground for recovery, and is affirmatively denied as such, the request for attorney fees is properly denied. See, Still, 406 So.2d at 862.
Furthermore, we believe that the trial court was correct in ruling that the employees’ due process claim was “premature,” since the employees had not bedn deprived of any “right” that was “secured by the Constitution and laws.” See, 42 U.S.C. § 1983. The Constitution does not create property interests. “Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.” *1307 Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). See also, Wilson v. Spruell, 403 So.2d 214, 217 (Ala.1981). The employees alleged that they had been deprived of the “right” to receive the three percent pay increase included in the City Council resolution. However, because the Council’s action was taken within twelve months of an election in which City Council members were to be elected, the Personnel Board of Jefferson County had to approve the pay increase before the employees were entitled to it. See, Acts of Alabama, 1945, Act No. 248, § 12, as last amended by Acts of Alabama, 1977, Act No. 684. Inasmuch as the Personnel Board had not even considered the pay increase before the employees’ suit was filed, no “property right” to the pay increase had been created at that time. Thus, the allegation that the employees’ federal constitutional right to due process had been violated could not properly have been made until the Personnel Board approved the pay increase, i.e., until the “property right” may have been created.
We deem it appropriate to observe that nothing in this opinion should be construed as limiting the decisions rendered by this Court in Davis, supra, and Canterbury Nursing Home, Inc. v. Alabama State Health Planning & Development Agency, 425 So.2d 1103 (Ala.1983). Rather, we reaffirm the principles and holdings set forth in those cases. We merely hold that this case does not fall within the holding of Davis and is controlled by the decision rendered in Still, supra. Accordingly, the trial court’s denial of attorney fees in this case is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON and STEA-GALL, JJ., concur.
BEATTY, J., dissents.
ADAMS, J., recused.