MADDOX, Justice.
This is an appeal from a summary judgment in favor of the defendants. The facts of the case are undisputed and are well set out in the trial judges’ “opinion and order,” from which we quote extensively:
“On June 28, 1983, the Birmingham City Council, by enacting ordinance 83-103, adopted a budget for the fiscal year July 1, 1983, to June 30, 1984, which contemplated a three percent pay raise for all city employees.
“Five members of the Birmingham City Council were running for reelection during 1983. Consequently, any pay raise granted by the City of Birmingham was required to be approved by the Personnel Board of Jefferson County. See § 12 of the Personnel Board Act, Act No. 248, General Acts of Alabama 1945, as amended by Acts Nos. 680 and 684, General Acts of Alabama 1977. Section 12 provides in pertinent part:
“ ‘(The Director of Personnel shall) establish, after consultation or offer of consultation with the governing bodies affected, a salary schedule for all positions which shall contain a minimum rate, a maximum rate, and such intermediate rates as are deemed necessary by the Personnel Board where it shall become effective within thirty days after submission to the governing body concerned, provided that the governing body of each county and each municipality affected hereby may raise or lower such schedule by applying the same percentage increase or decrease, to each position in the entire schedule; provided, however, no governing body shall raise such entire schedule within twelve months immediately preceding any primary or general election in which the members of the said governing body are to be elected, except on approval of the Personnel Board....’ “After the approval of the new budget,
the City of Birmingham did not by separate ordinance enact any pay raise. Furthermore, the Personnel Board was not advised by anyone on behalf of the City that the budget ordinance constituted a pay raise. Consequently, the Personnel Board did not approve or disapprove the three percent pay raise.
“Representatives acting on behalf of all City employees then filed in this court a petition for writ of mandamus. In their petition, they asserted that the adoption of the 1983-84 General Fund Budget itself constituted the granting of the three percent pay increase to all employees. The employees petitioned the court to enjoin the City and other defendants from failing to take the action necessary to grant the employees the three percent pay increase.
“By order rendered September 8, 1983, this court held that the adoption by the City Council of Ordinance 83-103 (the General Fund Budget for 1983-84) was the only action required by either the City Council or the Mayor in order to grant a three percent pay increase to all City employees. This court then ordered the Personnel Board of Jefferson County to proceed to consider the three percent pay increase in accordance with the rules and regulations under the Personnel Board Act.
“At its next regular meeting held on September 14, 1983, the Personnel Board considered the proposed three percent pay raise and approved it to be effective September 17, 1983. Motions to stay the implementation of the pay increase were denied by this court and by the Supreme Court of Alabama. The City of Birmingham then began paying the increased salaries, treating the increase as effective from September 17, 1983.
“The City of Birmingham then filed an appeal of the decision of this court. That *1365 appeal was dismissed by the Supreme Court of Alabama in City of Birmingham v. Federation of City Employees, 455 So.2d 811 (Ala.1984). The supreme court considered the issues in the case moot because the raise sought was then in effect and the City did not contend that it would seek to lower the salaries upon the rendition of a favorable decision by the supreme court.
“In the present action, the City employees claim that the three percent salary or pay increase was due to have been paid by the City from July 1, 1983, and that this date was the effective date when the 1983-84 budget adopted by the City Council went into effect. The City employees argue that the pay increase was granted on July 1,1983, subject only to the approval of the Personnel Board. They argue that the Personnel Board had no power itself to determine the effective date of the pay increase.”
I
The Federation on this appeal first argues that the Personnel Board had no authority to “change” the effective date of the pay increase granted by the city council. The trial judge held:
“Although the City adopted the pay increase as a part of its budget for the fiscal year beginning July 1, 1983, the City could not raise its employees’ salaries until the raise had been approved by the Personnel Board. Section 12 says very clearly that, ‘No governing body shall raise such entire schedule ... except on approval of the Personnel Board.’
“Section 12 does not say, as the employees contend it should be interpreted, that the raise by the governing body goes into effect on the date determined by that body subject only to the approval of the Personnel Board.
“This court therefore determines that the effective date of the pay increase granted by the City of Birmingham is September 17, 1983, and not July 1, 1983.”
We hold that the trial judge correctly read and interpreted the provisions of section 12. In Federation of City Employees v. City of Birmingham, 492 So.2d 1304 (Ala.1986), an action for an award of attorney fees in this same case, this Court held:
“The employees alleged that they had been deprived of the ‘right’ to receive the three percent pay increase included in the City Council resolution. However, because the Council’s action was taken within 12 months of an election in which City Council members were to be elected, the Personnel Board of Jefferson County had to approve the pay increase before the employees were entitled to it.”
After the raise was approved, the Personnel Board set a reasonable date (i.e., the beginning of the next pay period) for the increase to take effect. The Personnel Board’s action was not a change of some already set effective date, but a necessary final approval of the raise. If the Personnel Board had denied the raise by not giving its approval, the Federation certainly would have no cause of action for the increased pay in the interval between the Council’s action and the Personnel Board’s action. The judgment of the trial judge is due to be affirmed on this issue.
II
Second, the Federation argues that the Personnel Board has no authority over the “unclassified” city employees and, therefore, had no right to approve or disapprove their 3% pay increase. The City argues that this is a new issue raised for the first time on appeal and, therefore, is not properly before this Court. Mobile Wrecker Owners v. City of Mobile, 461 So.2d 1303 (Ala.1984).
The Federation, on the other hand, cites Home Indemnity Co. v. Reed Equipment Co., 381 So.2d 45 (Ala.1980), as authority for its position that this issue is properly before this Court on appeal. “The rule requiring adherence to the theory relied on below, however, does not mean the parties are limited in the appellate court to the same reasons or arguments advanced in the lower court upon the matter or question in issue.” 381 So.2d at 50.
*1366 The Federation argues that it is still relying on the theory that the Personnel Board and the City of Birmingham acted wrongly in denying the raise. It contends that this is merely the offer of another reason or argument on the question in issue. They urge that unclassified employees have always been parties to this action and that they still abide by their central contention. We disagree. The Federation here argues that the unclassified employees should be treated differently from the other employees and that the Personnel Board has no jurisdiction over them. This is an entirely new theory of the case, presenting an entirely different question of law. The theory in the court below was that the Personnel Board had no authority to change the “effective date” of the raise. Here, the Federation would argue that the Personnel Board had no authority to act in any regard as to the unclassified employees’ raises.
“A party cannot try his case on one theory and then appeal on a separate theory.” Vaughn v. Thomas, 372 So.2d 1309, 1311 (Ala.1979). It is a well-settled rule that parties are restricted on appeal to the theory on which the case is prosecuted or defended in the court below, and where both parties act upon a particular theory of the cause of action, or agree as to the question to be decided, they will not be permitted to depart therefrom when the case is presented for appellate review. Mason v. State Farm Mutual Automobile Ins. Co., 281 Ala. 688, 208 So.2d 63 (1968). Since the argument regarding unclassified employees presented a new issue on this appeal, not just a new and different argument of an existing issue, we do not decide it. The judgment of the trial court is due to affirmed.
AFFIRMED.
ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.