540 So.2d 49 (1988)
Roy HEREFORD, et al.
v.
CITY OF LINDEN, et al.
85-899.
Supreme Court of Alabama.
June 24, 1988.
As Modified on Denial of Rehearing March 10, 1989.
*50 William G. McKnight, Montgomery, for appellants.
W.W. Dinning, Jr. of Lloyd, Dinning, Boggs & Dinning, Demopolis, for appellee City of Linden.
Mark A. Peycke, Associate Gen. Counsel, Alabama Dept. of Environmental Management, for appellees Leigh Pegues and the Alabama Dept. of Environmental Management.
ADAMS, Justice.
This is an appeal from the denial of injunctive relief to the plaintiffs. The plaintiffs, Roy Hereford, Courtney Judd, and Dan Hammond, sued the City of Linden, the Alabama Department of Environmental Management (ADEM), and Leigh Pegues, the director of ADEM, requesting the trial court to enjoin the city from continuing with a water-well project on land adjacent to or near plaintiffs' properties and to enjoin the other defendants from allowing the city to continue with it.
The following facts are necessary for a determination of the case.
The City of Linden contends that its water supply was contaminated by chlorides and that it was therefore forced to seek an alternative water source. The area it has chosen is a one-acre tract in northeast Marengo County. It planned to sink a water producing well in order to obtain water to pipe to the residents of Linden. It had planned first to sink a test well and tap the Gordo aquifer and then, assuming things went well, to expand the project to provide the City of Linden with a new water source. The plaintiffs' wells tap the Eutaw aquifer, which is located above the Gordo aquifer. The City obtained a permit from ADEM and proceeded with its project. After the plaintiffs sued, alleging that such a project could cause grave damage to their water supply, ADEM revoked the city's permit, stating that a permit was not required for a test well, but that the City of Linden would be required to obtain a permit before extending its project to provide water for the city. Subsequently, a hearing was held to determine whether a preliminary injunction would be granted. Following the hearing, the judge allowed the City of Linden to proceed with its test well and ordered that all test well results be reported to the court.
In September 1985, another hearing was held and each side was provided with additional time to offer supplemental affidavits in support of its position. A final judgment was entered in December 1985. Subsequent motions to reconsider, or, in the alternative, for a new trial, were denied, along with plaintiffs' motion for amended findings of fact and conclusions of law pursuant to Rule 52, A.R.Civ.P. The plaintiffs appealed.
The plaintiffs argue that the well project is not "proceeding in a proper manner" and that ADEM was required to issue a permit before the test well could be drilled. As stated above, ADEM originally issued a permit to the City of Linden, which was later revoked when the plaintiffs filed suit. It is ADEM's contention that a permit is not required for the drilling of a test well, but that in the event the City of Linden opts to use the new well to provide water for the city, then a permit would be required at that time. Code of Alabama (1975), § 22-23-40, reads as follows:
No person shall construct or make major modification of any public water system, or portion thereof, without having first obtained a permit from the board as provided in this article....
Furthermore, § 22-23-41 reads:
Any person proposing to operate, construct, install, add to or make major modification of a public water system shall, prior to construction of such, file with the board an application for a permit to do so, together with complete plans and specifications and a statement containing a general description of the proposed public water system or of the proposed changes in the existing system, showing the geographical location thereof with relation to the source of water supply, and all the sanitary and health conditions surrounding and affecting the said supply and the works, system and plant. The plans and specifications and statements shall be in such form and shall detail such matters as the board by regulation *51 shall require. (Acts 1977, No. 805, p. 1389, § 11.)
In the present case, ADEM knew that the sole purpose in drilling the test well was to ultimately provide the City of Linden with a new water supply. In cases such as this, the sinking of the test well, for all practical purposes, constitutes a proposal to construct a public water system and, therefore, we hold that a permit is required pursuant to §§ 22-23-40 and -41, supra, prior to the sinking of the test well. We can think of no project more important than one to provide a pure water supply and, considering the potential saltwater contamination problems of Marengo County, ADEM should be closely monitoring such a project from its inception. It would be a disservice to the City of Linden and to the residents of Marengo County, if ADEM, knowing that Linden's ultimate goal was an alternate water source, allowed thousands of dollars to be spent before stepping in to "investigate the proposed system or existing works, system, plant, water supply and all other circumstances and conditions deemed material." § 22-23-42, Code of Alabama (1975). If ADEM rejected the proposed system after its construction, both time and money would have been wasted.
Inasmuch as we interpret §§ 22-23-40 and -41, supra, to give ADEM the authority to closely monitor and investigate test wells constructed in anticipation of expanding them into a public water supply, the City of Linden is in violation of those statutes by proceeding without a permit, and, until the City goes through the proper channels and obtains a permit, it should be enjoined from further activity. The trial court erred in not granting the injunction and, therefore, the judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

ON APPLICATION FOR REHEARING
ADAMS, Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
MADDOX, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
HORNSBY, C.J., not sitting.