JONES, Justice.
The plaintiffs appeal from the trial court’s denial of their claim, pursuant to 42 U.S.C. § 1988, for attorney fees as the “prevailing parties litigant” in the original litigation that resulted in the plaintiffs’ obtaining injunctive relief against the City of Linden, Alabama.
The plaintiffs, landowners in Marengo County, Alabama, sued the City of Linden, the Alabama Department of Environmental Management (“ADEM”), and Leigh Pe-gues, director of ADEM, seeking an injunction 1) against the City's proceeding with a planned water well project on land adjacent or near to the plaintiffs’ land, and 2) against ADEM’s allowing the City to proceed with the project. The plaintiffs’ statement of their claims included the following allegation:
“5A. For jurisdictional purposes, Plaintiffs seek relief herein by virtue of the following authorities: (1) U.S. Const., Amend. 14; (2) Ala. Const. 1901, Art. I, §§ 6, 13; (3) 42 U.S.C. § 1983, otherwise known as the Civil Rights Act; (4) 42 U.S.C. § 1988; (5) Ala.Code 1975, §§ 6-5-120 et seq. (nuisances); (6) Rule 56, Alabama Rules of Civil Procedure (injunctions); Ala.Code 1975, § 6-6-500 (injunctions); and the various extraordinary remedies available through statute, case law, and rules of procedure established as the Judicial System of the State of Alabama.”
The injunction was denied by the trial court and the plaintiffs appealed. The decision in Hereford v. City of Linden, 540 So.2d 49 (Ala.1988), contains a full statement of the facts and legal proceedings that led to this Court’s reversal of the trial court’s judgment.
After the trial court entered the injunction as ordered by this Court, the plaintiffs filed a motion for a hearing to determine an award of attorney fees, pursuant to 42 U.S.C. § 1988.[1] The trial court denied the attorney fees award, holding that the plaintiffs had failed “to prevail on the primary relief sought” against the defendants with regard to the plaintiffs' constitutional claim, and that the plaintiffs’ constitutional claim “is not reasonably related to their success on their state claim.”
The first appeal, from the judgment on the merits in this case, attacked an order in which the trial court held:
*1257 “1. The plaintiffs have failed to invoke the court’s jurisdiction under the U.S. Const., Amend. 14, §§ 1983, 1988; or Ala. Const., Art. I, §§ 6, 13, as there has been no preponderance of the evidence that the drilling of the proposed well will cause the alleged injuries described in the complaint, which are necessary to invoke jurisdiction under the above-described statutes and require relief.
“2. The plaintiffs are not entitled to relief under Ala.Code 1975, §§ 6-5-120 et seq., and are not entitled to relief under the equitable jurisdiction of the court, as the plaintiffs have failed to prove by a preponderance of the evidence that there is a present, actual threat to the plaintiffs’ rights, and the plaintiffs failed to prove by a preponderance of the evidence that the proposed well constitutes a permanent nuisance which would cause irreparable damage and consequence to a reasonable degree of certainty, and thus an injunction is precluded.
“3. The defendants shall be entitled to proceed with the construction of a well, but in the event a well is constructed and pumped, then said plaintiffs shall have the right to any and all remedies provided at law or in equity in the event the land of the plaintiffs or wells of the plaintiffs are adversely affected.”
This Court, in that first appeal, addressed only one issue regarding this order: Whether the City violated Ala.Code 1975, § 22-23-40 et seq., in failing to proceed with its proposed water project according to the mandates of that statute. We resolved the issue in favor of the plaintiffs/appellants and reversed the judgment and remanded the cause, holding:
“Inasmuch as we interpret §§ 22-23-40 and -41 to give ADEM the authority to closely monitor and investigate test wells constructed in anticipation of expanding them into a public water supply, the City of Linden is in violation of those statutes by proceeding without a permit, and, until the City goes through the proper channels and obtains a permit, it should be enjoined from further activity. The trial court erred in not granting the injunction and, therefore, the judgment is reversed and the cause remanded.”
Hereford v. Linden, supra, at 51.
The instant appeal, however, is based on the plaintiffs’ assertions that they are entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988 because they are the “prevailing parties” on their substantial, unaddressed constitutional claim that arises out of the same facts as their state claim or that is reasonably related to their state claim and is a “viable ground for recovery.” Davis v. Everett, 443 So.2d 1232 (Ala.1983). In denying the plaintiffs’ claim for attorney fees, the trial court entered an order in which it wrote the following:
“Plaintiffs filed ... a ‘Petition For Hearing To Determine Award Of Attorney Fees and Litigation Costs’ under 42 U.S.C. § 1988. Defendant City of Linden filed a response, objecting to such a hearing and requesting that the trial court deny fees and costs to Plaintiffs. Defendants rely upon Federation of City Employees v. City of Birmingham, 492 So.2d 1304 (Ala.1986), as controlling authority.
“Both the trial and appellate courts in City of Birmingham wrote to the alleged claim of due process violations and found such issue to be invalid. Relief under the federal claim was affirmatively denied and the court held there was no ‘justiciable controversy'.’
“Defendants contend Plaintiffs were not ‘prevailing parties’ in this suit against the City of Linden and ADEM. The City of Linden says Plaintiffs sought a permanent injunction on the merits but only succeeded in obtaining partial relief from the Alabama Supreme Court; that no final determination of the ultimate issue has yet been made.
“The plaintiffs rely upon Davis v. Everett, 443 So.2d 1232 (Ala.1983), which held that attorney fees are to be awarded where plaintiffs prevail on a state law claim arising from the same underlying facts even though the federal claim was not addressed by the court awarding relief. Davis held the test to determine *1258 whether plaintiffs are ‘prevailing parties’ is ‘whether the [plaintiffs have] been successful on the central issue — exhibited by the fact that [they have] acquired the primary relief sought.’ (Emphasis supplied.)
“Plaintiffs say the primary relief they sought was an injunction to stop the well and they got an injunction; hence, Plaintiffs [say they] meet the test of a prevailing party. Plaintiffs state that one of the principal complaints they made throughout the litigation was that Defendants were violating applicable statutes in a wholesale fashion. The Alabama Supreme Court has now ordered that these statutes be followed in obtaining a well permit. Such statutes include a duty to investigate the water supply source, works, and system before a permit can be issued. Code 1975, § 22-23-30 et seq.
“Plaintiffs also state that the Alabama Supreme Court specifically found the Defendants to be ‘in violation of those statutes’ and [also state that] this is a classic due process violation, even though the due process issue was not specifically addressed by the Supreme Court’s opinion.
“Plaintiffs contend their suit stopped a proposed ‘permitting’ practice that did not follow legislative mandates. Plaintiffs call to the trial court’s attention that they employed an expert witness who testified at both hearings that proper testing was not being done by Defendants to gather necessary data to protect Plaintiffs.
“Defendants, however, urge that the attorney fees are not due against them due to the fact that Plaintiffs failed to prevail on a claim which in some way vindicated a constitutional right. Consequently, [they argue,] the state claim upon which Plaintiffs ultimately prevailed in this action is not reasonably related to a constitutional claim....
“ORDERED, ADJUDGED, and DECREED that attorney fees are not due to be awarded against the Director of the Alabama Department of Environmental Management, Leigh Pegues, the Environmental Management Commission and/or its chairman, or the City of Linden, in the above-styled cause due to Plaintiffs’ failure to prevail on the primary relief sought against the City and Department with regard to Plaintiffs’ constitutional claim. Plaintiffs’ failed constitutional claim is not reasonably related to their success on their state claim.”
Initially, a distinction must be made between the federal cases and the Alabama cases dealing with § 1988 attorney fee awards. The reason for making such a distinction is apparent in the opening sentence of the United States Supreme Court’s most recent decision on this issue:
“We must decide today the proper standard for determining whether a party has ‘prevailed’ in an action brought under certain civil rights statutes such that the party is eligible for an award of attorney’s fees under 42 U.S.C. § 1988.”
Texas State Teachers Association v. Garland Independent School District, 489 U.S. 782, 109 S.Ct. 1486, 1489, 103 L.Ed.2d 866 (1989). (Emphasis supplied.) That decision, then, involved, and is particularly applicable to, an action brought pursuant to the federal civil rights statutes. The Garland decision also specifically rejected a “central issue” standard used by federal trial and appellate courts to determine whether one is a “prevailing party” for § 1988 purposes and specifically reaffirmed the standard announced in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
The Hensley case involved a challenge to the constitutionality of the rules and practices of a state mental hospital brought by patients who had been involuntarily confined there. The patients were granted relief on a majority of their claims; subsequently, they filed a petition for an award of § 1988 attorney fees.
The federal district court allowed the attorney fees, holding that the patients “were prevailing parties under 42 U.S.C. § 1988 even though they had not succeeded on every claim.” Hensley, 461 U.S. at 428, 103 S.Ct. at 1936. It is this language upon *1259 which the plaintiffs rely in citing the federal cases as authority for their position that their “unaddressed” constitutional claim allows an award of § 1988 attorney fees here. However, as noted earlier, the Garland opinion, in discussing and reaffirming the Hensley decision, makes it clear that the “significant claim” test of these two federal cases does not apply to the instant ease.
The Garland opinion states that, in Hensley, the Court “noted that in complex civil rights litigation, ‘the plaintiff often may succeed in identifying some unlawful practices or conditions,’ but that ‘the range of possible success is vast.’ ” 489 U.S. at -, 109 S.Ct. at 1492. (Emphasis supplied.) The Garland Court went on to hold that “[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.” 489 U.S. at -, 109 S.Ct. at 1493. (Emphasis supplied.) Finally, the Garland decision states that the patients who brought the original lawsuit “served the ‘private attorney general’ role which Congress meant to promote in the Civil Rights Attorney’s Fees Awards Act of 1976.” 489 U.S. at-, 109 S.Ct. at 1494.
The trial court, in the instant case, specifically and affirmatively denied relief to the plaintiffs on their claims of violations of constitutional rights. This Court, in reviewing the first judgment adverse to the plaintiffs, addressed only the issue of the City’s failure to follow a requisite statutory method of obtaining a new water source and ordered injunctive relief until that method was followed. Hensley and Garland do not apply to this case, because none of the claims upon which the decision of the trial court was based involves constitutional issues.
Moreover, the opinion in Federation of City Employees v. City of Birmingham, 492 So.2d 1304 (Ala.1986), is dispositive of this appeal. In that case, the plaintiffs (city employees) sued the City to obtain a 3% pay raise. The trial court entered a summary judgment in favor of the plaintiffs and specifically held that, because the plaintiffs’ constitutional due process claim was premature, the court would not render a decision with regard to that claim. The plaintiffs’ subsequent petition for § 1988 attorney fees was denied by the trial court.
On appeal, the plaintiffs relied on the decision in Davis v. Everett, 443 So.2d 1232 (Ala.1983), and the defendants relied on Still v. Personnel Board of Jefferson County, 406 So.2d 860 (Ala.1981), cert. denied, 455 U.S. 1020, 102 S.Ct. 1718, 72 L.Ed.2d 139 (1982). This Court affirmed the denial of attorney fees to the plaintiffs and held:
“In one of the most recent cases on the subject of awarding attorney fees under 42 U.S.C. § 1988, the United States Supreme Court, in Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), was presented with the situation where the plaintiff relied on substantial unaddressed constitutional claims as the basis for an award of attorney fees. In addressing the issue, the Court made the following statement:
“ ‘The fact that constitutional claims are made does not render automatic an award of fees for the entire proceeding. Congress’ purpose in authorizing a fee award for an unaddressed constitutional claim was to avoid penalizing a litigant for the fact that courts are properly reluctant to resolve constitutional questions if a nonconstitutional claim is dispositive. H.R.Rep. No. 94-1558, p. 4, n. 7. That purpose does not alter the requirement that a claim be reasonably related to the plaintiff’s ultimate success. It simply authorizes a district court to assume that the plaintiff has prevailed on his fee-generating claim and to award fees appropriate to that success.’
“468 U.S. at 1007, 104 S.Ct. at 3467. “Thus, the current status of the law is that a prevailing plaintiff may be awarded reasonable attorney fees based on a substantial, unaddressed constitutional claim, if that claim is reasonably related to the ultimate success. See, Davis [v. Everett, 443 So.2d 1232 (Ala.1983)]. See, also, Maher v. Gagne 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).”
Federation of City Employees, supra, 492 So.2d at 1306.
*1260 In Federation of City Employees, we then went on to find that the facts of that case were analogous to the facts in Still, supra, in which the trial court specifically held that the plaintiffs federal. constitutional claim did not “present a justiciable controversy.” 492 So.2d at 1306, quoting 406 So.2d at 861. The Federation of City Employees opinion then states:
“The underlying basis of [the Still ] opinion was that, since there was no ‘justicia-ble controversy’ involved, the trial court had, in effect, affirmatively denied the relief the plaintiff sought on the federal claim. Where there is such an affirmative denial of the plaintiff’s federal claim, that claim can not be considered an ‘unaddressed constitutional claim’ and therefore can not support an award of attorney fees pursuant to 42 U.S.C. § 1988. Still, supra.
“ ... Where the federal claim is not a viable ground for recovery, and is affirmatively denied as such, the request for attorney fees is properly denied. See Still, 406 So.2d at 862.”
492 So.2d at 1306.
For the reasons stated, we affirm the judgment denying the attorney fees.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. 42 U.S.C. § 1988 (Supp. IV 1980) provides, in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonably attorney’s fee as part of the costs."